IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROBERT ALLEY, | § | |
| | § | No. 5, 2015 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID Nos. 1212019156 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted:  June 4, 2015
Decided:  July 24, 2015

Before **HOLLAND**, **VALIHURA** and **VAUGHN**, Justices

# **O R D E R**

This 24th day of July 2015, upon consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1)    On August 28, 2014, the defendant-appellant, Robert Alley, pled guilty to one count of Robbery in the Second Degree.  On December 19, 2014, after a presentence investigation and upon the State's motion, the Superior Court found Alley to be a habitual offender and sentenced him under 11 *Del. C.* § 4214(a) to a total period of eight years and six months at Level V incarceration, with credit for 726 days previously served.  This is Alley's direct appeal.

(2) Alley's counsel has filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, counsel informed Alley of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw and the accompanying brief and appendix. Alley also was informed of his right to supplement his attorney's presentation. Alley submitted four issues for inclusion in the Rule 26(c) brief. After the State filed its response to the Rule 26(c) brief, Alley's counsel filed a letter including two additional points that Alley would like the Court to consider. Although this submission is untimely and nonconforming, we nonetheless will address Alley's supplemental points because it does not appear from defense counsel's affidavit that counsel properly informed Alley that all of his points had to be submitted within the 30 day time limit set forth in Rule 26(c)(ii)(B).

(3) The Superior Court record reflects that Alley was indicted in this case in March 2013 for two counts of Robbery in the First Degree and one count of Wearing a Disguise During the Commission of a Felony. In June 2014, the State informed the Superior Court about a potential conflict between Alley and his appointed public defender because of an ineffective assistance of counsel claim that Alley was pursuing against another public defender in a

postconviction petition that he had filed in January 2013 challenging the validity of his 2008 guilty plea to felony Resisting Arrest. In a colloquy with the Superior Court, Alley did not agree to waive any potential conflict of interest. The Superior Court thus appointed substitute conflict counsel to represent Alley in this matter.[1]

(4) On August 18, 2014, Alley moved to proceed *pro se* with substitute counsel acting as standby counsel. The Superior Court granted Alley's motion. Several days later, however, Alley wrote a letter to the Superior Court stating that he had changed his mind and that he wanted his standby counsel to represent him. Thus, on August 28, 2014, Alley, with the assistance of his counsel, pleaded guilty to one count of Robbery in the Second Degree. The Superior Court accepted the guilty plea and ordered a presentence investigation. At the guilty plea hearing, counsel informed the Superior Court that Alley intended to challenge the State's motion to seek habitual offender sentencing because of an alleged defect related to his 2008 predicate felony conviction for Resisting Arrest. Counsel informed the Superior Court that Alley's postconviction motion challenging his 2008 conviction remained pending before another Superior Court judge.

---

[1] The substitute counsel appointed by the Superior Court to represent Alley in this case was the same lawyer who had been appointed to represent Alley in his then-pending postconviction matter.

3

(5) On December 1, 2014, the State moved to declare Alley to be a habitual offender. By the time of Alley's sentencing hearing on December 19, 2014, the Superior Court had denied Alley's postconviction motion challenging his 2008 predicate felony conviction,[2] which this Court affirmed on appeal.[3] Thus, at Alley's sentencing hearing, defense counsel informed the Superior Court that there was no good faith basis to oppose the State's habitual offender motion. The Superior Court declared Alley to be a habitual offender under 11 *Del. C.* § 4214(a) and sentenced Alley to eight years and six months at Level V incarceration. This appeal followed.

(6) The standard and scope of review applicable to the consideration of defense counsel's motion to withdraw and an accompanying brief under Rule 26(c) is twofold: a) the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal; and b) the Court must conduct its own review of the record in order to determine whether the appeal is so totally devoid of at

---

[2] *State v. Alley*, 2014 WL 605440 (Del. Super. Feb. 14, 2014).

[3] *Alley v. State*, 2014 WL 7009961 (Del. Nov. 20, 2014). This Court also dismissed Alley's petition for certiorari raising the same challenge to his 2008 conviction. *See In re Alley*, 2014 WL 7251989 (Del. Dec. 18, 2014).

least arguably appealable issues that it can be decided without an adversary presentation.[4]

(7)    In response to his counsel's motion, Alley raised four claims for inclusion in his counsel's Rule 26(c) brief.  After the brief was filed, Alley raised two additional points in a supplemental filing.  Alley's first point is that the Superior Court erred in sentencing him as a habitual offender because his 2008 felony conviction for Resisting Arrest was unconstitutional.  Second, Alley argues that his right to self-representation was denied when the Superior Court allowed defense counsel to represent him at the sentencing hearing and to concede his status as a habitual offender when Alley, in fact, wished to represent himself and challenge the State's habitual offender motion.  Third, Alley asserts that the Superior Court and the State both interfered with his right to the counsel of his choice when it raised a non-existent conflict between Alley and his first lawyer, who was a public defender.  Fourth, Alley contends that substitute counsel violated his rights by withholding his mental health evaluation and the presentence investigation ("PSI") report from him.  Fifth, Alley asserts that the indictment in his 2008 case was defective.  Finally, Alley contends that the Superior Court erred in sentencing him to more than the minimum mandatory five-year term of imprisonment.  We address these claims in order.

---

[4] *Penson v Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).

5

(8)     Alley first argues that the Superior Court erred in sentencing him as a habitual offender because his 2008 predicate felony conviction was constitutionally infirm.  By the time of Alley's sentencing hearing, however, a different Superior Court judge already had rejected Alley's postconviction challenge to his 2008 conviction.[5]  We affirmed that decision on appeal.[6]  Thus, we find no merit to Alley's challenge to the validity of his 2008 conviction in this proceeding.  It is clear from the record that the State provided sufficient documentary evidence in this case to establish that Alley had the requisite number of predicate felony convictions to be declared a habitual offender.  Accordingly, we find no error in the Superior Court's imposition of Alley's habitual offender sentence under 11 *Del. C.* § 4214(a).

(9)     Alley next contends that his counsel violated his right to self-representation by informing the Superior Court that Alley did not oppose the State's habitual offender motion because Alley did want to challenge the motion.  Alley, however, had written to the Superior Court and specifically requested to withdraw his request to proceed pro se.  Alley thus appeared at his sentencing represented by his counsel.  Under the circumstances, we find no merit to Alley's contention that he was denied his right of self-representation

---

[5] *State v. Alley*, 2014 WL 605440 (Del. Super. Feb. 14, 2014).

[6] *Alley v. State*, 2014 WL 7009961 (Del. Nov. 20, 2014).

because we find no clear and unequivocal waiver of his right to counsel.[7] Furthermore, after counsel informed the Superior Court at the sentencing hearing that Alley did not oppose the State's habitual offender motion, Alley was given the opportunity to speak directly to the sentencing judge. Alley spoke to the judge at length. Alley did not contradict his counsel's representation that there was no opposition to the State's motion, nor did Alley offer any argument challenging his sentencing as a habitual offender. Under these circumstances, we find no merit to Alley's claim.

(10)  Alley's third point is that the State and the Superior Court deprived him of his right to the counsel of his choice by raising a conflict between Alley and his public defender, which resulted in the appointment of conflict counsel. The record, however, belies Alley's contention. When the issue of a potential conflict with the public defender was brought to the Superior Court's attention, the judge questioned Alley about the potential conflict on the record. The judge indicated that it was unclear if an actual conflict existed, but the judge informed Alley that he could waive any potential conflict and continue to be represented by his assigned public defender. Alley did not agree to waive any potential conflict. Accordingly, the judge told him that conflict counsel would be appointed to represent him. Neither Alley nor his public defender raised any

---

[7] *Hooks v. State*, 416 A.2d 189, 197-98 (Del. 1980).

objection. Under the circumstances, there is no merit to Alley's suggestion that the State manufactured a conflict in order to deprive him of the counsel of his choice.

(11) Alley's fourth contention is that his substitute counsel violated his right to self-representation by failing to provide him with a copy of Alley's mental health evaluation and the PSI report. As we have already found, however, Alley was not self-represented. He specifically requested to have his stand-by counsel reappointed to represent him. Accordingly, there is no merit to his claim.

(12) Alley's fifth claim, which was included in his supplemental filing, raises a different challenge to the validity of his 2008 conviction by arguing that the indictment in that case was defective. Even if we assume as a procedural matter that the Superior Court could have properly considered this claim before sentencing Alley as a habitual offender in this case, Alley in fact did not raise this argument below. We find no basis to consider this belated argument for the first time in this appeal.[8]

(13) Finally, Alley contends that the Superior Court erred in sentencing him to more than the minimum mandatory five year sentence. Our review of a sentence generally ends upon a determination that the sentence is within the

---

[8] Del. Supr. Ct. R. 8.

statutory limits prescribed by the legislature.[9] As Alley recognizes, his sentence was well within the range of authorized sentences. Moreover, the Superior Court reviewed all of the applicable aggravating and mitigating factors in Alley's case and ultimately imposed a sentence that was less than the State's recommendation. On this record, we find no error or abuse in the Superior Court's decision to sentence Alley as a habitual offender to eight and a half years in prison.

(14) This Court has reviewed the record carefully and has concluded that Alley's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Alley's counsel has made a conscientious effort to examine the record and has properly determined that Alley could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:

/s/Karen L. Valihura
Justice

---

[9] *Fink v. State*, 817 A.2d 781, 790 (Del. 2003).

9